11th Court of Appeals

 Eastland, Texas

  Memorandum Opinion

 

Real Party in Interest Schiller P.L.L.C.

Appellant

Vs.                   No. 
11-02-00126-CV B
Appeal from Dallas County

Willie F. Moore

Appellee

 

Schiller
P.L.L.C. (Schiller) appeals from the trial court=s order for sanctions.  Willie
F. Moore filed suit against Audra F. Turner for personal injuries resulting
from an automobile collision.  Schiller
represented Turner in the suit.  The
trial court entered an order on August 30, 2000, requiring the parties to
attend mediation.  Turner did not attend
the mediation.  The trial court granted
Moore=s motion for sanctions, struck Turner=s pleadings, awarded Moore a default judgment
as to liability only, and ordered that the trial go forward as to damages
only.  On May 16, 2001, the trial court
vacated its original order for sanctions. 
On May 30, 2001, the trial court held a second hearing on Moore=s motion for sanctions.  On July 2, 2001, the trial court entered its
second sanctions order which granted in part Moore=s motion for sanctions and stated that
Schiller and Turner were jointly and severally ordered to pay to Moore=s counsel $2,400 for Turner=s failure to appear at the mediation.  It is from this order that Schiller appeals.[1]  We reverse and render.








In its
sole issue on appeal, Schiller argues that the trial court erred in entering
the order for sanctions.   A trial court=s imposition of sanctions is reviewed under
an abuse of discretion standard.   In re
Bennett, 960 S.W.2d 35, 40 (Tex.1997); 
Chrysler Corporation v. Blackmon, 841 S.W.2d 844, 853 (Tex.1992).  The legitimate purposes of discovery
sanctions are threefold: (1) to secure compliance with discovery rules; (2) to
deter other litigants from similar misconduct; and (3) to punish
violators.  Chrysler Corporation v.
Blackmon, supra at 849.  A discovery
sanction must also be just. TEX.R.CIV.P. 215.2(b); Chrysler Corporation v.
Blackmon, supra; TransAmerican Natural Gas Corporation v. Powell, 811
S.W.2d  913 (Tex.1991).  Whether an imposition of sanctions is just
is measured by two standards. 
TransAmerican Natural Gas Corporation v. Powell, supra.  

First, a
direct relationship must exist between the offensive conduct and the sanction
imposed.  TransAmerican Natural Gas
Corporation v. Powell, supra.  The trial
court must at least attempt to determine whether the offensive conduct is
attributable to counsel only, to the party only, or to both.  TransAmerican Natural Gas Corporation v.
Powell, supra.  Second, just sanctions
must not be excessive. TransAmerican Natural Gas Corporation v. Powell, supra.  A sanction imposed for discovery abuse
should be no more severe than necessary to satisfy its legitimate
purposes.  TransAmerican Natural Gas
Corporation v. Powell, supra.  The trial
court must consider not only the availability of less stringent sanctions but
also whether such lesser sanctions would fully promote compliance.  TransAmerican Natural Gas Corporation v.
Powell, supra.

The record
shows that Insurance Depot was Turner=s insurance carrier.  At the
first hearing on Moore=s
motion for sanctions, the trial court stated to an attorney in the Schiller
firm:  AI=m not aware of any reason to be questioning
your conduct whatsoever.  I am very
aware of Insurance Depot=s conduct in this Court.@  At the second hearing on the
motion for sanctions, the trial court stated in reference to the Schiller law
firm:

There is
no indication that you or your firm have ever done anything inappropriate in
connection with any of this Insurance Depot stuff, for lack of a better
word.  However, it is apparent to this
Court that Insurance Depot is driving the bus and that your client is not.  What am I to do?  

 

The court further
stated:  AI have an innocent defendant and an innocent law firm.@  Although
the trial court found that Turner failed to attend the mediation and that
Turner offered no excuse for her failure to appear, the trial court=s statements indicate that there was no
wrongdoing on the part of Turner or Schiller. 
Therefore, there is no indication of a direct relationship between the
sanction imposed and the conduct. 








 In its order, the trial court stated:  A[T]he Court has no doubt that Insurance Depot is ultimately
responsible, whether directly or indirectly, for [Turner=s] failure to appear at mediation.@  The
court further found that joint and several liability will ensure that the
sanction assessed will be paid by those at fault, whether Turner, Schiller, or
Insurance Depot.  One of the purposes of
sanctions is to punish violators. 
Chrysler Corporation v. Blackmon, supra.  The trial court=s statements indicate that Insurance Depot is actually responsible for
violating the court=s
order; however, the sanctions imposed punish Turner and Schiller.  We sustain Schiller=s sole issue on appeal.  

The trial
court=s order granting sanctions is reversed as to
Schiller P.L.L.C.  Judgment is rendered
that Schiller P.L.L.C. is not required to pay $2,400 in sanctions.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

May 29, 2003

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]Turner is not a party to this appeal.